UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| KURT WILLIAM GASTREICH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:25-cv-143-CMS |
| | ) |
| BOLLINGER COUNTY, MISSOURI, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Kurt William Gastreich's application to proceed in district court without prepaying fees or costs, ECF No. 3. Having reviewed the application and the financial information submitted in support, the Court will grant the application and waive the filing fee. As Plaintiff is now proceeding *in forma pauperis*, the Court must review his complaint under 28 U.S.C. § 1915. Based on that review, the Court will direct Plaintiff to file an amended complaint within thirty (30) days in compliance with the instructions set out below.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations. A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

On September 5, 2025, Plaintiff filed the instant civil rights action against Bollinger County, Wayne County, Wayne County Sheriff Dean Finch, Bollinger County Sheriff Casey Graham, and the administrator of Wayne County Jail Christopher Schulz. ECF No. 1. Plaintiff lists three "counts" as well as claims against Wayne County and Bollinger County. For the first count, Plaintiff alleges a violation of his First Amendment, stating that "defendants denied the Plaintiff his right to access the Court, Plaintiff repeatedly requested basic postage for his federal complaint and was denied that access." ECF No. 1-1. Plaintiff does not state where he was when

2

he was denied postage, nor does he provide any other details of when this occurred or who was involved and what specific actions were taken by the defendants.

For his second count, Plaintiff describes a First Amendment retaliation claim. He states that when he told Defendant Schulz that he was going to sue Wayne County and Schulz, Schulz transferred Plaintiff out of the Wayne County jail. *Id*. His third count alleges a conspiracy between Defendants Schulz and Graham for "conspiring to transfer Plaintiff from Wayne County Jail…." *Id*. Plaintiff does not state when he was transferred or where he was transferred to.

Plaintiff explains his claim against Wayne County by stating that the county has "failed to draft and implement any written policies that may affect a pretrial detainees constitutional rights including the right to access the Court." *Id*. He further claims the county has failed to train its employees. *Id*. He states the county was put on notice of a violation but still failed to comply with the Constitution. *Id*. He does not state how they were put on notice, what they were put on notice of, or how they were not in compliance with the Constitution.

Finally, Plaintiff explains his claim against Bollinger County by stating that Graham "continues to set policy that violates citizens and detainee's [sic] constitutional rights." *Id*. Plaintiff states Graham has been violating his constitutional rights since 2022 and references two other cases Plaintiff filed in this Court involving Graham. *Id*. He states this case involving Bollinger County concerns violations in 2024. *Id*. He does not state what the violations are.

The section of the complaint titled "Injuries" is left blank. ECF No. 1 at 4. For relief, Plaintiff requests damages from the constitutional violations. *Id*. at 5.

3

## Discussion

Having thoroughly reviewed and liberally construed Plaintiff's complaint, the Court concludes that his claims are subject to dismissal. In consideration of Plaintiff's self-represented status, the Court will allow him to file an amended complaint.

Plaintiff has failed to plead enough facts to state a claim to relief that is plausible on its face. He provides virtually no details with any of his allegations. Instead, Plaintiff relies on conclusory statements against the defendants. For example, Plaintiff states that Defendant Graham sets policy that violates citizens' rights without describing what the policy is, what rights were violated, or giving any specific example of how Plaintiff himself was harmed by this policy. These conclusory statements are insufficient to state a claim upon which relief can be granted. There is also no injury listed, thus no allegation that any harm occurred because of these alleged constitutional violations. Finally, there are no allegations against Defendant Dean Finch in the complaint.

Plaintiff has failed to provide a factual basis that would allow this Court to draw the reasonable inference that any defendant is liable for any misconduct. *See Ashcroft*, 556 U.S. at 678. Because Plaintiff is proceeding *pro se*, the Court will give him an opportunity to file an amended complaint. He must follow the instructions set forth below when amending his complaint.

## Instructions for Amending the Complaint

Plaintiff must type or neatly print the amended complaint on the Court's Civil Rights Complaint Form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A). Plaintiff will not be allowed to supplement his complaint by interlineation or supplementation. The Court expects all of Plaintiff's claims to be within his amended complaint.

4

In the "Caption" section of the form complaint, Plaintiff must write the name of the defendant(s) he wishes to sue. In the "Statement of Claim" section, Plaintiff should begin by writing a defendant's name. Then, in separate numbered paragraphs under that name, Plaintiff should: (1) set forth a short and plain statement of the factual allegations supporting his claim against that defendant; and (2) state what constitutional or federal statutory right(s) that defendant violated. Each averment must be simple, concise, and direct. *See* Fed. R. Civ. P. 8(a). If Plaintiff is suing more than one defendant, he should proceed in the same manner with each defendant. No introductory or conclusory paragraphs are necessary. **Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do.** *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Plaintiff's failure to make specific factual allegations against any defendant will result in the dismissal of that defendant. Plaintiff should avoid naming any defendant that is not directly related to his claim(s). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Plaintiff should only include claims that arise out of the same transaction or occurrence. Put another way, all of Plaintiff's claims must relate to each other in some way. *See* Fed. R. Civ. P. 20(a)(2). By contrast, if Plaintiff is suing only a single defendant, he may set forth as many claims as he has against that individual. *See* Fed. R. Civ. P. 18(a). Additionally, Plaintiff must fill out the complaint form completely, including the "Injuries" section.

5

Finally, Plaintiff must physically sign his complaint form. Under Federal Rule of Civil Procedure 11, every written pleading or motion must be signed "by a party personally if the party is unrepresented" and the Court may strike an unsigned paper "unless the omission is promptly corrected after being called to the … party's attention." Similarly, the local rules of this Court also require that all filings be signed by the party or the party's attorney. E.D. Mo. L.R. 2.01(A)(1). In the filed complaint here, there was only a typed name in the signature block. According to Local Rule 2.11, a typed name in a signature block constitutes a signature only if the person has made an authorized filing through that person's electronic filing account. E.D. Mo. L.R. 2.11. Plaintiff does not have an electronic filing account with the United States District Court for the Eastern District of Missouri.

## Conclusion

Plaintiff shall have **thirty (30) days** from the date of this Order to file an amended complaint. Plaintiff is warned that the filing of the amended complaint completely replaces the original. Claims that are not re-alleged are deemed abandoned. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation,* 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in district court without prepayment of the required filing fees and costs (ECF No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that within **thirty (30) days** of the date of this Memorandum and Order, Plaintiff shall submit an amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Plaintiff two blank Civil Rights Complaint forms. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that if Plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 11th day of February, 2026.

CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE